823 So.2d 578 (2002)
L.C. WEEKS a/k/a L.C. Weeks, Jr., Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-KA-00517-COA.
Court of Appeals of Mississippi.
July 16, 2002.
Whitman D. Mounger, Greenwood, attorney for appellant.
Office of the Attorney General by: Billy L. Gore, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, and IRVING, JJ.
IRVING, J., for the court.
¶ 1. L.C. Weeks appeals from a judgment of conviction entered by the Circuit Court of Humphreys County, Mississippi, following a jury verdict which found him guilty of sexual battery. In this appeal, Weeks challenges the sufficiency of the evidence.
¶ 2. We find the evidence more than sufficient to support the verdict. Accordingly, we affirm the judgment of the lower court.

FACTS
¶ 3. Lawrence Barkley was sent to the Humphreys County Jail on September 24, 1998, on a charge of receiving stolen property. He was placed in cellblock "A" with inmates Antwon McDaniels, Willie Friend and Weeks. Specifically, Barkley was assigned to sleep in Weeks's cell room, and Willie and Antwon shared a cell room. Barkley decided to sleep on the floor in Antwon and Willie's room because Antwon was Barkley's cousin, and Barkley felt safer in Antwon's cell. Around 12:20 a.m., a buzzer in cellblock "A" went off, and dispatcher/jailer, Roy Dodd, instructed James Thurmond, a jailer, to investigate. When Thurmond arrived at cellblock "A," Barkley told him that Weeks had raped Barkley. *579 At that time, Barkley was placed in a holding cell, and Weeks was placed in an individual cell.
¶ 4. Thereafter, Weeks was indicted for sexual battery of Barkley. During trial, a stipulation was read to the jury from Dr. Gordon, a physician who examined Barkley after the alleged incident. The stipulation read, "That he examined Lawrence Barkley on September 25, 1998, on a complaint that he had been raped; that his examination of the rectum of Lawrence Barkley did not disclose any tears to the rectum area; that the absence of tearing to the rectum area does not indicate that no sexual assault occurred." Lawrence Barkley, Willie Friend, Zelie Shaw, an employee of the Humphreys County Jail, Roy Dodd, and James Thurmond testified for the State. Sharrod Jones and Jessie Wilson, both inmates of the Humphreys County Jail, along with Weeks, testified for the defense. Their testimony will be delineated as necessary during the discussion which follows.

ANALYSIS AND DISCUSSION OF THE ISSUES

1. Sufficiency of the Evidence
¶ 5. Weeks asserts that the evidence is insufficient to support the verdict. Accordingly, Weeks argues that his peremptory instruction, motion for judgment notwithstanding the verdict and motion for a new trial should have been granted.
¶ 6. The standard of review concerning a peremptory instruction, a motion for judgment notwithstanding the verdict and sufficiency of the evidence are the same. Baker v. State, 802 So.2d 77(¶ 13) (Miss. 2001). Thus, we will address them together but will address separately Weeks's argument that his motion for a new trial should have been granted.
¶ 7. Weeks's arguments attack the credibility of each witness' testimony. First, Weeks notes that Barkley admitted to testifying to facts which Barkley had not mentioned before trial. Weeks continues his attack by noting that Barkley waited two days to report the alleged incident. More importantly, Weeks points to Dr. Gordon's stipulated testimony that Barkley had not suffered tears to the rectum area. Furthermore, Weeks asserts that his witnesses, who were inmates directly across from Barkley's cellblock, testified that Antwon McDaniel and Willie Friend were Barkley's attackers. Lastly, Weeks claims that Antwon McDaniel and Willie Friend had been trying to set him up for weeks.
¶ 8. In response to Weeks's sufficiency of the evidence argument, the State points out that the determination of what did or did not happen is a "classic jury issue." The State reminds us that we only review the facts; we do not make factual determinations. In addition, the State asserts that the testimony of Lawrence Barkley and Willie Friend is not outweighed by the testimony of the defendant and his witnesses and that the discrepancies noted by Weeks were jury questions and as such, the jury was the sole judge of the weight and worth of the testimony.
¶ 9. We agree with the State's assertions. When reviewing a denial of a peremptory instruction or a denial of a motion for judgment notwithstanding the verdict, the standard of review requires us to consider the evidence in the light most favorable to the appellee, giving the appellee the benefit of all favorable inferences which may be reasonably drawn from the evidence. Baker, 802 So.2d at (¶ 13) (Miss. 2001). We are required to reverse and render where the facts point overwhelmingly in favor of the appellant that reasonable men could not have found appellant guilty. Id. However, we are required to *580 affirm where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair minded jurors may have found appellant guilty. Id.
¶ 10. Barkley testified that Weeks wrapped a sheet around his neck, choked him, beat him, put vaseline on his back and put his penis in Barkley's rectum. Willie Friend testified that he witnessed Weeks raping Barkley but was afraid to interfere. Zelie Shaw testified that a person in cell "C" can only see a mirror reflection in cell "A" and not directly into the cell. This would perhaps explain why Weeks's witnesses, who occupied cell "C," testified that they did not see Weeks rape Barkley in cell "A." As previously observed, Roy Dodd testified that a buzzer went off in cell "A," and he instructed James Thurmond to respond to the buzzer. Thurmond testified that when he responded to the buzzer, Barkley seemed shaken and nervous as Barkley explained to him that Weeks had raped Barkley. Giving the State all reasonable inferences from these witnesses' testimony, reasonable jurors could have concluded that Weeks raped Barkley in cell "A" on the night of September 24, 1998. We find that the evidence was sufficient to support the verdict and affirm the trial judge's denial of Weeks's peremptory instruction and motion for judgment notwithstanding the verdict.

2. Denial of Motion for a New Trial
¶ 11. A different standard is applied when reviewing a denial of a motion for a new trial. This Court will reverse a denial of a motion for a new trial only when the denial amounts to an abuse of discretion. Whitten v. Cox, 799 So.2d 1(¶ 5) (Miss.2000). Weeks supports his assertions by attacking the stories and credibility of the State's witnesses. We have long recognized that assessing witness credibility is a jury function and not an appellate function. Thomas v. State, 495 So.2d 481, 485 (Miss.1986). Accordingly, Weeks's attacks on the credibility of the witnesses lack merit. We do not find any abuse of discretion in the trial court's denial of Weeks's motion for a new trial.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF HUMPHREYS COUNTY OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO RUN CONSECUTIVELY TO ANY PREVIOUSLY IMPOSED SENTENCE IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HUMPHREYS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.